IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 05-cv-1039-RPM

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

LOUIS E. RIVELLI,
RODNEY B. JOHNSON,
STEPHEN G. BURKE,
TERESA W. AYERS,
CRAIG L. STEVENSON,
ROBERT T. HOFFMAN,

Defendants

## ORDER DENYING MOTION FOR STAY

On June 7, 2005, the Securities and Exchange Commission (SEC) brought this civil action against six individuals formerly associated with Fischer Imaging Corporation, alleging that the defendants violated provisions of the Securities Act of 1933 and the Securities Exchange Act of 1934. The SEC seeks injunctive relief, disgorgement, civil penalties, and an order permanently barring four of the defendants from serving as an officer or director of any public company.

On August 18, 2005, Defendant Louis Rivelli moved for a four-month stay and a status conference at the end of that period to evaluate the impact of an ongoing criminal investigation on this civil action. Rivelli argues that a stay is appropriate because his Fifth Amendment rights are implicated by the parallel criminal investigation.

Defendant Rodney Johnson joined in the motion to stay, stating that Rivelli's testimony is crucial to his own defense. Defendants Craig Stevenson, Robert Hoffman, and Stephen Burke did not file a response, but Rivelli's motion states that they do not oppose a stay. Defendant Teresa Ayers opposed the motion, arguing that a stay would prejudice her opportunity to show that the SEC's claims against her are meritless. The SEC opposed the motion.

The Constitution does not require that a civil proceeding be stayed pending the outcome of parallel criminal proceedings. *See Sec. & Exch. Comm'n v. Dresser Indus.*, 628 F.2d 1368, 1375 (D.C. Cir. 1980). Relevant factors include the extent to which a defendant's Fifth Amendment rights are implicated; the extent to which the criminal and civil cases overlap; the status of the case; whether the defendant has been indicted; the interest of the plaintiff in proceeding expeditiously with the civil litigation; the potential prejudice to the plaintiff of a delay; the efficient use of judicial resources; the interests of persons not parties to the civil litigation, and the interest of the public in the pending civil and criminal litigation. *See Fed. Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 903 (9th Cir. 1989); *Sec. & Exch. Comm'n v. HealthSouth Corp.*, 261 F.Supp.2d 1298, 1316 (N.D. Ala. 2003). The movant bears the burden of showing that the requested postponement is necessary. *Dawn v. Mecom*, 520 F.Supp. 1194, 1197 (D. Colo. 1981).

Defendant Rivelli has not met his burden of showing that a stay is warranted in this case. The fact that no indictment has been issued weighs against delaying the progress of this action, and under these circumstances Defendant Rivelli's dilemma does not justify a postponement. The plaintiff has a strong interest in having this action proceed expeditiously, and Defendant Ayers has expressed a similar interest. Resolution of these claims would be in the best interest of Fischer

Imaging Corporation, its shareholders, and the public.  The court's interest in the efficient use of its resources favors proceeding on the plaintiff's claims against all the defendants.  Accordingly, it is

ORDERED that Defendant Rivelli's motion for stay is denied.

Dated: October 26th , 2005

BY THE COURT:

s/Richard P. Matsch

_____

Richard P. Matsch, Senior District Judge