IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-1039 RPM

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

LOUIS E. RIVELLI, RODNEY B. JOHNSON, STEPHEN G. BURKE, TERESA W. AYERS, CRAIG L. STEVENSON, ROBERT T. HOFFMAN,

Defendants.

**FINAL JUDGMENT AS TO DEFENDANT LOUIS E. RIVELLI**

The Securities and Exchange Commission having filed a Complaint and Defendant Louis E. Rivelli having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal

1

service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make

the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

III.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 13(b)(5) of the Exchange Act [15 U.S.C. § 78m(b)(5)] and Rule 13b2-1 promulgated thereunder [17 C.F.R. §§ 240.13b2-1] by:

(a) knowingly circumventing or knowingly failing to implement a system of internal accounting controls, or knowingly falsifying any book, record or account described in Section 13(b)(2) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)]; or

(b) Directly or indirectly falsifying or causing to be falsified any book, record or account subject to Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)];

IV.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or

indirectly, Exchange Act Rule 13b2-2 [17 C.F.R. § 240.13b2-2], by:

(a) directly or indirectly making or causing to be made a materially false or misleading statement, or omitting to state or causing another person to omit to state any material fact, to an accountant in connection with any audit, review or examination of the financial statements of an issuer or company, or the preparation or filing of any document or report required to be filed with the Commission; or

(b) directly or indirectly taking any action to coerce, manipulate, mislead, or fraudulently influence any independent public or certified public accountant engaged in the performance of an audit or review of financial statements of an issuer that are required to be filed with the Commission where that person knew or should have known that such action, if successful, could result in rendering the issuer's financial statements materially misleading.

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violations of Sections 13(a), 13(b)(2)(A) and 13(b)(2)(B) of the Exchange Act [15 U.S.C. §§ 78m(a), 78m(b)(2)(A) and 78m(b)(2)(B)] and Rules 12b-20, 13a-1 and 13a-13 thereunder [17 C.F.R. §§ 240.12b-20, 240.13a-1 and 240.13a-13], by knowingly providing substantial assistance to an issuer that:

(a) fails to file with the Commission any report or statement required to be filed with the Commission pursuant to Section 13(a) of the Exchange Act and the rules and regulations promulgated thereunder, or information and

documents required by the Commission to keep reasonably current the information and documents required to be included in or filed with an application or registration statement filed pursuant to Section 12 of the Exchange Act;

(b) fails, in addition to the information expressly required to be included in a statement or report, to add such further material information as is necessary to make the required statements, in the light of the circumstances under which they were made not misleading;

(c) fails to make and keep books, records, and accounts, which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of assets of the issuer; or

(d) fails to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that: transactions are executed in accordance with management's general or specific authorization; transactions are recorded as necessary to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such statements, and to maintain accountability for assets; access to assets is permitted only in accordance with management's general or specific authorization; and the recorded accountability for assets is compared with the existing assets at reasonable intervals and appropriate action is taken with respect to any differences.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)] and Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)], Defendant is permanently prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

VII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $681,325, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $138,859.62, for a total of $820,184.62. Based on Defendant's sworn representations in his Statement of Financial Condition dated May 15, 2009, and other documents and information submitted to the Commission, however, the Court is not ordering Defendant to pay a civil penalty and payment of all but $45,000 of the disgorgement and pre-judgment interest thereon is waived. Defendant shall satisfy this obligation by paying $45,000 within fourteen (14) days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Louis E. Rivelli as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant shall

pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury. The determination not to impose a civil penalty and to waive payment of all but $45,000 of the disgorgement and pre-judgment interest is contingent upon the accuracy and completeness of Defendant's Statement of Financial Condition. If at any time following the entry of this Final Judgment the Commission obtains information indicating that Defendant's representations to the Commission concerning his assets, income, liabilities, or net worth were fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made, the Commission may, at its sole discretion and without prior notice to Defendant, petition the Court for an order requiring Defendant to pay the unpaid portion of the disgorgement, pre-judgment and post-judgment interest thereon, and the maximum civil penalty allowable under the law. In connection with any such petition, the only issue shall be whether the financial information provided by Defendant was fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made. In its petition, the Commission may move this Court to consider all available remedies, including, but not limited to, ordering Defendant to pay funds or assets, directing the forfeiture of any assets, or sanctions for contempt of this Final Judgment. The Commission may also request additional discovery. Defendant may not, by way of defense to such petition: (1) challenge the validity of the Consent or this Final Judgment; (2) contest the allegations in the Complaint filed by the Commission; (3) assert that payment of disgorgement, pre-judgment and post-judgment interest or a civil penalty should not be ordered; (4) contest the amount of disgorgement and pre-judgment and post-judgment interest; (5) contest the

imposition of the maximum civil penalty allowable under the law; or (6) assert any defense to liability or remedy, including, but not limited to, any statute of limitations defense.

VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

X.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: August 12, 2010

_____
Richard P. Matsch, Senior District Judge